TONG & Co. *v.* UNITED STATES (No. 2860)[1]

United States Court of Customs Appeals, May 19, 1927

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellants.
*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson*, special attorney, of counsel), for the United States.

[Oral argument April 22, 1927, by Mr. Charles D. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

This case involves a Chinese product known as *mok kar.*

[1] T. D. 42218.

The collector assessed duty thereon at 35 per centum ad valorem under paragraph 749 of the Tariff Act of 1922, which provides for—

Fruits in their natural state * * * dried, desiccated, evaporated, or otherwise prepared or preserved, and not specially provided for.

Importer protested, claiming the merchandise was entitled to free entry under paragraph 1567 of the act as drugs in the crude state, or, in the alternative, that it was dutiable at 10 per centum ad valorem under paragraph 34 thereof as drugs advanced in value or condition. The first part of each of these paragraphs, so far as applicable to this case, is as follows:

Drugs, such as * * * fruits, * * * which are natural and uncompounded drugs and not edible, and not specially provided for. * * *

Paragraph 34 by its terms is limited to drugs that—

* * * are advanced in value or condition by shredding, grinding, chipping, crushing, or any other process or treatment whatever beyond that essential to the proper packing of the drugs and the prevention of decay or deterioration pending manufacture, 10 per centum ad valorem: Provided, That the term "drug" wherever used in this act shall include only those substances having therapeutic or medicinal properties and chiefly used for medicinal purposes.

Paragraph 1567 covers drugs if—

* * * in a crude state, not advanced in value or condition by shredding, grinding, chipping, crushing, or any other process or treatment whatever beyond that essential to the proper packing of the drugs and the prevention of decay or deterioration pending manufacture.

The answer to the protest as incorporated in the record states that *mok kar*, sometimes called *mok kwar*, is "a fruit split and dried, probably a fruit of the pear family." This description is accepted by counsel on both sides as correct. At the trial before the United States Customs Court the importer called three witnesses and the Government none. That court overruled the protest. Importer appeals.

The only question is whether *mok kar* is shown by the proof to be a drug within either paragraph 34 or 1567, and if so, under which thereof it shall be classified.

One of the importers' witnesses, a Chinese druggist, 59 years old, testified, in substance, that he was in the drug business and had had experience therein over 40 years; that he began the study thereof in China when he was about 13 or 15 years of age; that he handled Chinese drugs but was not a Chinese doctor; that he prescribed for people who were ill, had been doing so for over 20 years and was familiar with Chinese drugs and their uses; that he prescribed *mok kar*; that it was used exclusively for drug purposes; that it had no other uses that he knew of; that he had known of its use as a drug for over 40 years; that he prescribed it for rheumatism and for contraction of the leg muscle; that he had made "an extensive study in

preparing drugs;" that *mok kar* was prepared and used as a drug by slicing, cleaning, and boiling it; that the result of the boiling, in liquid form, was used as a liquid by the patient; that he prescribed only for "those who believe in me and ask me;" that *mok kar* could be obtained only at a drug store; that he imported it from Hong Kong; that the Chinese had books containing the names of drugs which they take as medicine; and that *mok kar* was therein named as one of such drugs.

The United States Customs Court in its opinion does not indicate in any way that this witness was not credible. It points out that he did not claim to be a physician; that he did not undertake to describe any therapeutic effect that the *mok kar* had, and concluded that it could not "accept the statement of what would be termed a 'quack' doctor, that he has sold a certain commodity for a certain purpose, as proof that it has any therapeutic value or that it is brought within the purview of the law providing for drugs either crude or advanced in value."

We feel constrained to disagree with the views of the court below in this case. The law does not require that proof of the therapeutic qualities of an article must come from experts, scientific or professional. A person familiar with a claimed therapeutic article is competent to testify as to its uses for healing purposes.

Paragraph 34 provides that the term "drugs" shall include only such substances as have therapeutic and medicinal properties and are chiefly *used* for medicinal purposes. The undisputed testimony clearly shows that *mok kar* is used only for medicinal purposes. It is regarded by the Chinese as a drug or medicine and has been so listed in their pharmacy books for a long time. The statement by the witness that it is exclusively used as a drug indicates that it is not used as a food. It is prescribed and used for at least two specific medicinal purposes, and although a fruit, is not thereby excluded from the drug paragraphs, both of which include fruits.

In view of the fact that the testimony referred to is not in any way rebutted, and is not of itself inherently unreasonable or improbable, we think it is sufficient to overcome the presumed correctness of the collector's classification.

The Customs Regulations of 1915, article 463, and of 1923, article 486, both provide that the word "drug" includes all medicines and preparations recognized in the United States Pharmacopoeia for internal or external use, and any substance intended to be used for the cure, mitigation, or prevention of disease of man or other animals. It does not appear that *mok kar* is thus recognized, but it does appear that it is thus used. We think the record shows it to be a drug. See *United States* v. *Nagase et al.*, 11 Ct. Cust. Appls. 144.

The question remaining is, under which of the drug paragraphs should it be classified? It appears that this *mok kar*, in its imported condition, has been split and dried only. While there is no precise evidence upon the question whether it has been advanced in condition beyond that essential to the proper packing of the drug and the prevention of deterioration, we think it may well be presumed from the fact that it has only been split and dried that it is in a crude state within the meaning of paragraph 1567. In this respect the case is much like *Tong* v. *United States*, 12 Ct. Cust. Appls. 32, in which we held that ginseng which had not been shredded, ground, chipped, crushed, or scraped, but had been dried and treated with sugar or honey was in a crude condition under paragraph 477 of the tariff act of 1913 which, in legal effect, so far as this issue is concerned, is not different from said paragraph 1567.

When the case was heard before the Customs Court, the classification of another Chinese product was in issue. As to that the protest was overruled, but this appeal does not challenge that result.

The judgment below is therefore reversed as to the *mok kar* only, as to which we hold that the protest claiming free entry therefor under paragraph 1567 should have been sustained. The cause is remanded for further proceedings consistent herewith.

*Reversed* and *remanded.*